## Case No. 10,361.

### In re NORWICH & N. Y. TRANSP. CO.

[10 Ben. 193.] [1]

**District Court, E. D. New York. Dec., 1878.**

LIMITATION OF LIABILITY OF SHIP OWNERS — INJUNCTION—COSTS.

1. The injunction granted in a proceeding to limit the liability of a ship owner restraining the prosecution of suits pending against the ship owner, should not prohibit the collection of the taxable costs in such suits.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. In such a proceeding the costs and expenses of the proceeding are first to be paid out of the fund.

3. The petitioner in such a case is entitled to a docket fee for each creditor who comes in and proves his claim. But he has no preference for his costs over the costs of the creditor.

[For a history of this case, see Case No. 10,362.]

J. W. C. Leveridge, for petitioner.

J. Langdon Ward and R. H. Huntley, for creditors.

BENEDICT, District Judge. This case comes before the court upon a motion to settle the form of the decree and to retax the costs of this proceeding.

The first question to be disposed of is whether the injunction to be granted in this proceeding for the purpose of restraining the further prosecution of the suits mentioned in the decree, should prohibit the collection of the taxable costs in such suits. Upon this question my opinion is that the injunction should not prohibit the proctors from collecting the costs referred to.

The liability which the statute was intended to limit is that caused by the collision and not that arising out of proceedings taken in defence of suits brought against the owners or the vessel, and there is no language in the statute which authorizes an application of the value of the vessel to the discharge of any costs other than those of the proceeding taken to obtain the benefit of the act. The decree made by the supreme court of the United States in one of the actions sought to be enjoined, while not deciding the question, points to a liability for the costs of that action without regard to the result of the proceeding which for that reason has been entertained here. Norwich Co. v. Wright, 13 Wall. [80 U. S.] 128.

Under the English statute the rule seems to have been settled, and there the ship owner is held liable to pay the costs without regard to the value of the ship. Says Maclachlan: "The costs of suit form no part of the loss or damage to be compensated and the owner it therefore liable for them personally and without regard to the value of the ship and freight. A vexatious resistance to a just claim would be encouraged by any other rule." Macl. Shipp. p. 113. The reason suggested by this author has full force in the case of proceedings under our statute, and is sufficient to warrant the adoption of such a rule here.

A similar rule seems to be applied in cases of abandonment under the general maritime law. See Caumont, Dictionaire de Droit Maritime, p. 37, tit. "Abandon Maritime," § 92. See, also, 1 Bedarride, Commentaire du Code, § 297, where it is said that as, in the absence of an abandonment by the owner, the creditor who sues only exercises a plain legal right, such action on his part does not render him liable for the expense thereof.

The other questions presented for consideration relate to the costs of this proceeding.

By the 55th rule the costs and expenses of this proceeding are first to be paid out of the proceeds of the vessel and freight. Under this rule I understand that the taxable costs and expenses incurred by the ship owner in the proceeding taken to secure a distribution of the value of the vessel among the creditors and to relieve him from further liability are required to be paid out of the fund.

In this instance some seventeen different parties, claiming damages arising out of the collision in question, have, in answer to the citation issued in pursuance of rule 54, appeared before the court and made proof of their respective claims. Each of their demands is a distinct claim arising upon a separate bill of lading; and upon the proving of each one the proctor for the petitioner attended and was heard in regard thereto. In each such case there is a final hearing and a decree awarding payment out of the fund. The proctor of the petitioner is therefore entitled to a docket fee in each such case, both upon the hearing and upon the reference. I can see no ground for refusing him costs if any one is entitled to costs; and the right to costs of the parties who have come in and proved their claims has not been disputed here. Such costs I am informed have been allowed by Judge Choate in a similar case under the same statute.

But the petitioners' costs are not entitled to a preference over the costs of the creditors. All costs and expenses stand upon an equal footing, and in case of a deficiency in the fund, are to be paid pro rata.

Let the decree be settled and the costs, taxed in accordance with this opinion, be inserted therein.